FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 07 2026 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

RECEIVED
OCT 07 2026
EDNY PRO SE OFFICE

MARIE JANVIER a.k.a. JENNIFER MARIE JANIVER

*Plaintiff,*

v.

HSBC BANK USA, NATIONAL ASSOCIATION, SOLELY AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-CW1; ASSET BACKED PASS-THROUGH CERTIFICATES

LOGS LEGAL GROUP LLC / BARBARA DUNLEAVY Esq. *et als*

*Defendants.*

Case No.: CV 26 6450

BROWN, J.

JURY TRIAL DEMANDED

WICKS, M.J.

---

1. I. JURISDICTION & VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims asserted herein arise under the Constitution and laws of the United States.

3. Plaintiff's claims explicitly arise under the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq. (prohibiting redlining, blockbusting, and discrimination); the Fourteenth Amendment to the U.S. Constitution (Due Process violations via hidden judgments); and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c) for a continuous pattern of third-party mail fraud and financial asset-stripping.

REC'D IN PRO SE OFFICE
OCT 7 '26 PM12:40

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because the physical real property that is the subject of this fraudulent scheme is located

in Shirley, New York (Suffolk County), and a substantial part of the unlawful events occurred within this district.

II. THE TOXIC 2006-CW1 TRUST FRAUD

4. The subject mortgage note was deceptively pooled into the ACE Securities Corp. Home Equity Loan Trust, Series 2006-CW1, an investment vehicle notorious for predatory subprime underwriting, automated redlining, and structural appraisal fraud.

5. In 2014, a court of competent jurisdiction entered a final decision and order of dismissal terminating foreclosure actions in Plaintiff's favor due to HSBC's complete lack of standing and a fatally broken chain of title within the Series 2006-CW1 Trust.

6. Despite this final judicial determination, Defendant HSBC, operating in active concert with predatory third-party debt buyers and rogue collection lawyers, circumvented the 2014 judgment by creating a secret 2015 shadow case number and executing "sewer service" to intentionally deny Plaintiff notice and 14th Amendment Due Process.

III. CLAIMS FOR HARASSMENT, DISCRIMINATION, AND TORTURE

COUNT I

(Fair Housing Act Retaliation)

7. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

8. Defendants, and each of them, engaged in a systemic and prohibited pattern of blockbusting, reverse-redlining, and predatory financial maneuvers targeted at Plaintiff's primary residential property.

9. Following Plaintiff's formal complaints to the Department of Housing and Urban Development (HUD) and the State Attorney General regarding life-threatening viral hazards and a non-residential "storage/fabrication" shell structure on the property, Defendants initiated a targeted campaign of economic and structural retaliation.

10. Defendants executed an unlawful economic blockade, systematically cut off regular mail tracking to deprive Plaintiff of vital notices, and utilized physical property sabotage designed to force Plaintiff and her family out of their home.

11. As a direct and proximate result of Defendants' unlawful housing discrimination and retaliatory actions, Plaintiff has suffered severe financial loss, structural injury to her property, and a deprivation of her right to quiet enjoyment of her home, all in direct violation of the Fair Housing Act.

COUNT II

(Civil Conspiracy & Fraud Upon the Court)

12. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

13. Defendants, their associate entities, debt collectors, and an unauthorized defense attorney entered into an illicit agreement and deceptive arrangement to bypass Plaintiff's explicit knowledge, consent, and constitutional due process rights.

14. An attorney was improperly named and listed as Plaintiff's defense counsel of record in ongoing judicial proceedings without Plaintiff's authorization, without a signed retainer, and completely without Plaintiff's knowledge.

15. Said unauthorized attorney completely withheld all mandatory legal documentation and failed to transmit critical court filings, notices, and updates to Plaintiff.

16. Defendants knowingly utilized this unauthorized appearance to quietly advance an extreme and outrageous public property auction notice, issuing said notice in September for an upcoming scheduled sale in October.

17. By secretly moving the property toward auction while concealing the proceedings under the guise of authorized legal representation, Defendants intentionally manipulated the court's database and records, constituting a direct Fraud Upon the Court and a conspiracy to deprive Plaintiff of her property under color of law.

COUNT III

(Continuous Civil RICO — 18 U.S.C. § 1962)

18. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

19. Defendants, along with their associate debt collectors and legal agents, constitute an "enterprise" within the meaning of the Racketeer Influenced and Corrupt Organizations Act (RICO), engaging in a continuous pattern of racketeering activity.

20. Defendants operate this coordinated enterprise by utilizing zombie debt instruments derived from a legally dead and defective 2006-CW1 file to initiate fraudulent claims and database entries.

21. In furtherance of their enterprise, Defendants intentionally manipulated specialized consumer databases, including LexisNexis, to corrupt Plaintiff's file and personal record history.

22. Defendants' coordinated enterprise has extended to generating fake traffic and driving citations, executing systematic database blocks, and inflicting an ongoing campaign of

intentional mental and physical torture upon a minority family to force the abandonment of their legal rights.

COUNT IV

(Deceptive Practices & Negligence)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

24. Defendants utilized systematically misleading statements, false representations regarding the validity and status of the underlying debt, and deceptive consumer account manipulation to manufacture a default.

25. Defendants owed a duty of care to Plaintiff to maintain truthful, precise, and accurate consumer accounts and corporate record-keeping.

26. Defendants completely breached this duty by acting with gross negligence, failing to investigate or honor formal identity records, and entirely ignoring recorded deed-correction documentation submitted by Plaintiff.

27. Defendants acted with reckless and negligent disregard for the truth by failing to verify the legal integrity of their files before executing public enforcement actions, directly causing severe financial, commercial, and structural injury to Plaintiff.

COUNT V

(Unlawful Discrimination — Nationality & Origin)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29. Defendants intentionally singled out, targeted, and subjected Plaintiff to hostile, predatory, and hyper-aggressive collection methods that deviated entirely from standard operating procedures.

30. This abusive portfolio handling was driven strictly by systemic bias, prejudice, and animus against Plaintiff's nationality and country of origin birth.

31. By subjecting Plaintiff to a separate and predatory standard of treatment, Defendants intentionally denied Plaintiff the basic right to equal treatment, proper due process, and property protections afforded to all persons under the Civil Rights Act and the Fourteenth Amendment of the United States Constitution.

COUNT VI

(Intentional Infliction of Emotional Distress)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

33. Defendants engaged in extreme, shocking, and utterly outrageous conduct by secretly placing Plaintiff's primary family residence onto a public auction block without serving a single underlying legal document, summons, or complaint.

34. Defendants intentionally bypassed foundational service of process rules to force an abrupt emergency notice upon Plaintiff in September for an October sale.

35. This deliberate act of economic coercion and procedural concealment was done with the intent to cause, or with reckless disregard of the substantial probability of causing, severe emotional distress.

36. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has been forced to suffer acute emotional trauma, deep psychological devastation, severe mental health strain, acute depression, and intense agonizing distress.

WHEREFORE CLAUSE (REQUEST FOR RELIEF AND DAMAGES)

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants, jointly and severally, as follows:

- A. Compensatory Damages: Awarding Plaintiff actual and compensatory damages in an amount to be determined at trial, but no less than $1,000,000.00, for severe emotional distress, psychological trauma, medical costs, financial injury, property damage, and the violation of her civil and constitutional rights.
- B. Punitive Damages: Awarding Plaintiff punitive and exemplary damages in an amount to be determined at trial, to punish Defendants for their malicious, intentional, and fraudulent conduct, and to deter such outrageous predatory behaviors in the future.
- C. Declaratory and Injunctive Relief: Issuing a permanent order vacating any defective judgments, completely canceling the scheduled public auction sale of the subject property, and striking any unauthorized attorney appearances from the court record.
- D. Statutory Fees: Awarding Plaintiff all applicable statutory damages, interest, and costs permitted under the Fair Housing Act, RICO, and state consumer protection laws.
- E. Emergency Order: Issuing an emergency order quieting title and wiping out all fraudulent shadow judgments.
- F. Treble Damages: Awarding statutory treble (triple) damages under Civil RICO and punitive damages for malicious civil rights violations.

- G. Other Relief: Granting such other, further, and different relief as this Court deems just, proper, and equitable under the law.

RESPECTFULLY SUBMITTED,

Date: October 5, 2026

Jennifer Marie Janiver

57 Maple Ave

Shirley NY 11967

Tel: 6313815162

gler.79v6@gmail.com

mg_janvier@hotmail.com

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Marie Janvrer a.k.a Jennifer Marie Janvrer |
| Street Address | 57 Maple Ave |
| City and County | SHirley |
| State and Zip Code | NY 11967 |
| Telephone Number | 6313815162 |
| E-mail Address | glen.79NK6@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | HSBC BANK US National Association Trustee for ACE Securities Home Equity Loan Trust Service Series 2006 CW1 Asset Backed Pass-through Certificates |
| Job or Title (if known) | |
| Street Address | 175 Mile Crossing Boulevard |
| City and County | Rochester |
| State and Zip Code | NY 14 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | NATionStar Mortgage LLC Mr Cooper) |
| Job or Title (if known) | |
| Street Address | 175 Mile Crossing Boulevard |
| City and County | Rochester |
| State and Zip Code | New York 14624 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | M&T BANK/LOGS Legal Group |
| Job or Title (if known) | |
| Street Address | 175 Mile Crossing Boulevard |
| City and County | Rochester |
| State and Zip Code | New York 14624 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | LOGS LEgal Group LLC |
| Job or Title (if known) | Attorneys Law Firm for HSBC |
| Street Address | 175 MiLe CROSSing Boulevard |
| City and County | Rochester |
| State and Zip Code | NEW YORK 14624 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 5

Name: BRENT Surgeoner ESQ. ~~LOG'S LEGAL GROUP LLC~~ (JMJ)

Job or Title (if known):

Street Address: 175 Mile Crossing Boulevard.

City and County: Rochester

State and Zip Code: NEW YORK.

Telephone Number:

E-mail Address (if known):

Defendant No. 6

Name: Barbara Dunleavy.

Job or Title (if known):

Street Address: 175 Mile Crossing Boulevard

City and County: Rochester

State and Zip Code: New York.

Telephone Number:

E-mail Address (if known):

Defendant No. 4

Name:

Job or Title (if known):

Street Address:

City and County:

State and Zip Code:

Telephone Number:

E-mail Address (if known):