FILED
CLERK
11/18/2026 3:31 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIE JANVIER, also known as
JENNIFER MARIE JANIVER,

Plaintiff,

-against-

HSBC BANK USA, *et al.*,

Defendants.
-----------------------------------------------------------------X

**ORDER**
26-CV-06450(GRB)(JMW)

**GARY R. BROWN, United States District Judge:**

Before the Court is the renewed application to proceed *in forma pauperis* ("IFP") timely filed by Marie Janvier, also known as Jennifer Marie Janiver, ("Plaintiff") in accordance with the Court's October 29, 2026 Order that denied her initial application with leave to renew. Docket Entry ("DE") Nos. 6, 9. For the reasons that follow, Plaintiff's application to proceed IFP is denied and Plaintiff shall pay the $405.00 filing fee within thirty (30) days in order to proceed with this case.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1 (citing *DiGianni v. Pearson Educ.*, 10-CV-0206,

2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

The financial information reported by Plaintiff on the renewed application disqualifies her from IFP status. *See* DE 10, *generally*. Plaintiff reports that she receives monthly income of $1,736 and her total reported monthly expenses are below that sum. (*Id.* at ¶¶ 1, 8.) Plaintiff offers no explanation as to where those surplus funds have been spent having written 0 in the spaces that call for the amount of cash she has or funds she has in any accounts. (*Id.* at ¶ 4.) Notably, Plaintiff reports that she expects major changes to her monthly income or expenses or in her assets or liabilities during the next 12 months; yet, she has omitted to provide a description thereof as the application requires. (*Id.* at ¶ 9.) Plaintiff has failed to show that she cannot pay or give security for the costs inherent in litigation because of her economic status or that such costs would deprive her of the necessities of life.

Accordingly, Plaintiff's application to proceed IFP is denied. *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823(GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) ("'a court properly exercises its discretion to deny the [IFP] application'" where it appears that the applicant's "'access to [ ] court has not been blocked by h[er] financial condition; rather [that] [s]he is 'merely in the position of having to weigh the financial constraints posed if [s]he pursues [her position] against the merits of h[er] case.'") (quoting *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)). Plaintiff shall pay the $405.00 filing fee within thirty (30) days in order for this case to proceed. Unless Plaintiff remits the filing fee within thirty days from the date of this Order, this action will be dismissed without prejudice.

Plaintiff is again cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case. Accordingly, Plaintiff would be well-advised to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor run by, the United States District Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings and correspondence with the Court. Consultations with the Pro Se Clinic can be conducted remotely via telephone. If you wish to contact the Pro Se Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

The Clerk of the Court shall mail a copy of this Order to Plaintiff at her address of record and shall record such mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown

**Hon. Gary R. Brown**
**United States District Judge**

Dated: November 18, 2026
Central Islip, New York